UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VALDEZ, CDCR #E-98488,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DR. ZHANG; SCHOBELOCK; WARDEN; OFFICER DOE#1. S. ROBERTS; CDCR; DOE #2,<br><br>　　　　　　　　　　Defendants. | Case No.:  3:20-CV-0736 JLS (WVG)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND (2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)**<br><br>(ECF No. 2) |

Plaintiff Ricardo Valdez, currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  (*See* Compl., ECF No. 1).

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

**I.    Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by an RJD accounting officer. *See* ECF Nos. 2, 4; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119.  These statements show that Plaintiff has carried an average monthly balance of

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

$137.75, and had $147.12 in average monthly deposits to his account over the 6-month period immediately preceding the filing of his Complaint and he had an available balance of $182.25 on the books at the time of filing. (*See* ECF No. 4 at 1-2.) Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses his initial partial filing fee to be $29.42 pursuant to 28 U.S.C. § 1915(b)(1).

The Court will direct the Secretary of the CDCR, or his designee, to collect the initial $29.42 fee assessed only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

**II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

*A.     Legal Standard*

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

///

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B.  *Plaintiff's Factual Allegations*

On January 22, 2019, a Cardiothoracic surgeon "recommended" that Plaintiff be prescribed pain medications known as "Tramadol" and "Lyrica." (Compl. at 3.) However, Plaintiff alleges Dr. Zhang "took [him] off the medication." (*Id.*) Plaintiff claims this decision was made because a previous lab test he had taken revealed that he tested "negative" for Tramadol. (*Id.*) On April 5, 2019, Dr. Zhang wrote a "progress" note that stated, "addiction outweighs benefits of medication." (*Id.*)

Plaintiff informed Dr. Zhang that he had "nerve damage on chest wall due to operation," as well as "neuropathic pain on legs and low back." (*Id.*) Plaintiff also informed Dr. Zhang that "according to neurologist" only "Lyrica and Gabapentin can be effective for nerve damage pain." (*Id.*) Plaintiff alleges that he told Dr. Zhang that "without this medication" the level of pain would put his "life at risk." (*Id.*)

1   As a result of the discontinuation of the pain medication, Plaintiff claims he suffers
2   from inability to sleep or eat due to "stomach pain," loss of balance, and anxiety that "leads
3   to suicidal thoughts." (*Id.* at 3-4.)  After Dr. Zhang took Plaintiff off his medication,
4   Plaintiff saw Dr. Zhang "many more times" and told him that it was "improper to have
5   taken [Plaintiff] off of the only effective medication [for his] pain." (*Id.* at 4.)

6   Despite Plaintiff's request that he be "put on any type of strong pain medication,"
7   Dr. Zhang "gave [him] a cursory treatment of Tylenol." (*Id.*)  However, Plaintiff informed
8   Dr. Zhang that he had "been on the highest [dose] of Tylenol before and it was ineffective
9   to [his] type of pain." (*Id.*)

10  Plaintiff claims that he was offered "Cymbalta and Amitriptyline" on June 27, 2019
11  but argues that he "previously took [these medications] and [they] were ineffective." (*Id.*
12  at 5.)  Therefore, Plaintiff refused to take these medications. (*See id.*)

13  On June 24, 2019, Plaintiff was "interview[ed] by Schobelock" regarding his
14  administrative grievance. (*Id.* at 6.)  Plaintiff alleges he told Schobelock "everything [he]
15  stated here regarding Dr. Zhang." (*Id.*)  Plaintiff claims that Schobelock "should have been
16  able to recognize" the "unreasonable actions of Dr. Zhang when he took [Plaintiff] off an
17  effective medication." (*Id.*)

18  In January of 2020, Plaintiff "wrote a letter to the Warden" letting him know that the
19  "pavement" in RJD was poorly constructed and "lift[ing] up to a degree that [Plaintiff had]
20  seen other inmates fall[ing] out of their walker or wheelchairs." (*Id.* at 7.)  Plaintiff "asked
21  for the pavement to be fixed." (*Id.*)  On March 21, 2020, Plaintiff "fell on one of those
22  cracks on pavement" and "lost consciousness." (*Id.*)  An officer "approach[ed]" Plaintiff
23  and while Plaintiff "asked for medical assistance, he didn't call them." (*Id.*)  Plaintiff had
24  to "get up and walk home with severe pain." (*Id.*)

25  Plaintiff seeks injunctive relief, $1,000,000 in punitive damages, and $5,000,000 for
26  "pain and suffering, emotional and mental distress." (*Id.* at 13.)

27  ///
28  ///

### C.     42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D.     **Eighth Amendment Medical Care Claims**

There is no question that prison officials act "under color of state law" when housing and providing medical care to prisoners.  *See West v. Atkins*, 487 U.S. 42, 49-50 (1988) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.").  Therefore, in order to determine whether Plaintiff has pleaded a plausible claim for relief against any named Defendant based on their alleged denials of his request for a specific medication, the Court must review Plaintiff's Complaint and decide whether it contains sufficient "factual content that allows [it] to draw the reasonable inference" that "each Government-official defendant, through the official's own individual actions, has violated the Constitution," and thus, may be held "liable for the misconduct alleged." *Iqbal*, 556 U.S. at 676, 678.

Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103, 104 (1976) (citation and internal quotation marks omitted).  "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.

1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104).

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103–04). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin*, 974 F.2d at 1059 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337–41 (9th Cir. 1990)).

At the screening stage of these proceedings, the Court will assume that Plaintiff's claim of nerve pain is sufficient to show he suffers an objectively serious medical need. *See* Compl. at 3; *McGuckin*, 974 F.2d at 1059.

However, even assuming Plaintiff's health conditions are sufficiently serious, his pleading fails to include any further "factual content" to show that any Defendant acted with "deliberate indifference" to those needs. *McGuckin*, 974 F.2d at 1060; *Jett*, 439 F.3d at 1096; *Iqbal*, 556 U.S. at 678. "Deliberate indifference is a high legal standard." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).

As to Dr. Zhang, Plaintiff contends that he took him off of pain medication, Tramadol and Lyrica, which Plaintiff claims is the only medication "effective for nerve damage pain." (Compl. at 3.) Instead, Dr. Zhang prescribed Plaintiff "Cymbalta and

///

Amitriptyline" which he claims are "ineffective" and thus, Plaintiff refused these medications. (*Id.* at 5.)

Plaintiff then filed a number of grievances and seeks to hold liable the Defendants who responded to these grievances. In these grievances, Defendants Roberts, Gates,[2] and Schobelock agreed with the course of treatment that Plaintiff was receiving and declined to direct that Plaintiff be prescribed the medication of his choice. *Id.* at 6, 8–9.

While Plaintiff concludes Defendants acted with "deliberate indifference' by failing to prescribe the medication he believed was appropriate, his Complaint lacks the "further factual enhancement" which demonstrates any Defendant's "purposeful act or failure to respond to [his] pain or possible medical need," and any "harm caused by [this] indifference." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096). This is because to be deliberately indifferent, Defendants' acts or omissions must involve more than an ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. "A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122–23. Instead, Plaintiff must plead facts sufficient to "show that the course of treatment the doctor[] chose was medically unacceptable under the circumstances and that the defendant[] chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citation and internal quotations omitted). Plaintiff has not alleged any facts to support a showing that the medical care he received was medically

///

---

[2] Plaintiff refers to Gates as a Defendant in the body of his Complaint, *see* Compl. at 8 but does not list him as a Defendant in the caption of the Complaint. Because Plaintiff specifically refers to Gates in the body of his Complaint, the Court will presume that Plaintiff intended him to be a named Defendant.

unacceptable under the circumstances.  Instead, Plaintiff's allegations show no more than a difference of opinion as to the proper course of treatment between him and his doctors.

Thus, the Court finds that Plaintiff's Complaint contains no facts sufficient to show that any of his doctors or other medical officials acted with deliberate indifference to his plight by "knowing of and disregarding an[y] excessive risk to his health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Accordingly, Plaintiff's Eighth Amendment inadequate medical care claims are dismissed for failing to state a claim upon which relief may be granted.

### E.  *Individual Causation*

Plaintiff claims that the pavement at RJD was "poorly constructed" and he "wrote a letter to the Warden" notifying him that the pavement was a hazard causing inmates to "fall out of their walker or wheelchairs." (Compl. at 7.)  Plaintiff "asked for the pavement to be fixed." (*Id.*)  However, Plaintiff fails to state a plausible Eighth Amendment claim for relief because he fails to include "further factual enhancement" which describes how or if the unnamed Warden was ever aware of his letter or of the alleged issues with the pavement.  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

There is no respondeat superior liability under 42 U.S.C. § 1983.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  "Because vicarious liability is inapplicable to . . . § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim).  "A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.").

As currently pleaded, Plaintiff's Complaint offers no factual detail from which the Court might reasonably infer a plausible Eighth Amendment claim on the part of the Warden. Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 662 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 570). And allegations that a prison official "should have been aware of [a] risk, but was not," simply do not amount to an Eighth Amendment violation, "no matter how severe the risk.'" *Toguchi*, 391 F.3d at 1051, 1060.

Moreover, supervisory officials may only be held liable under § 1983 if Plaintiff alleges their "personal involvement in the constitutional deprivation, or . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018); *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011). Plaintiff makes no such allegations in his Complaint. Therefore, the Court **DISMISSES** the Warden sua sponte based on Plaintiff's failure to state a plausible Eighth Amendment claim against him.

### F.   CDCR

To the extent that Plaintiff seeks to name the California Department of Corrections and Rehabilitation ("CDCR") as a party, he fails to state a claim upon which § 1983 relief can be granted. The CDCR is not a "person" subject to suit under § 1983. *Hale v. State of Arizona*, 993 F.2d 1387, 1398–99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983). Therefore, Defendant CDCR is **DISMISSED** from this action without leave to amend.

Accordingly, the Court finds Plaintiff's Complaint, considered together with the exhibits he has attached, fails to state a plausible Eighth Amendment claim against any named Defendant, and that therefore, it is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

Because he is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III.  Conclusion and Order

For the reasons explained, the Court:

1.  **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2.  **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $29.42 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.  **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4.  **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims

///

dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: May 27, 2020

Hon. Janis L. Sammartino
United States District Judge