UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VALDEZ,<br>CDCR # E-98488,<br><br>                                    Plaintiff,<br><br>v.<br><br>DR. ZHANG; SCHOBELOCK;<br>WARDEN; S. ROBERTS, M.D.; S.<br>GATES, Chief; CDCR; DR. MARTIN;<br>DOES #1–2,<br><br>                                    Defendants. | Case No.:  3:20-cv-736-JLS-WVG<br><br>**ORDER: (1) DISMISSING DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b); AND (2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS ZHANG, MARTIN, AND SCHOBELOCK PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)**<br><br>(ECF No. 8) |

## I.    Procedural History

On April 16, 2020, Plaintiff Ricardo Valdez, currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  (*See* Compl., ECF No. 1.)  In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP").  (*See* ECF No. 2.)

1

On May 27, 2020, the Court granted Plaintiff's Motion to Proceed IFP but dismissed his Complaint for failing to state a claim. (*See* ECF No. 5 at 11–12.) Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.*) Plaintiff was cautioned that "Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived." (*Id.* citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").)

After requesting, and receiving, an extension of time to file an amended pleading Plaintiff filed his First Amended Complaint ("FAC") on August 7, 2020. (*See* FAC, ECF No. 8.) In his FAC, Plaintiff no longer names Defendants CDCR or Does #1–2 and thus, these Defendants are **DISMISSED** from this action as all claims against these Defendants are deemed waived. *See Lacey*, 693 F.3d at 928.

## II.   Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A

### A.   *Legal Standard*

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

2

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. While the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

### B.   *Plaintiff's Factual Allegations*

On March 2, 2016, Plaintiff was prescribed Lyrica and Nortriptyline by Defendant Zhang as pain medication. (*See* FAC at 4.) Plaintiff was taken off the Nortriptyline by Dr.

Bussalacchi[1] due to the negative side effects Plaintiff was experiencing. *See id.* On May 31, 2016, Plaintiff informed Zhang that the Lyrica by itself was "insufficient to control [his] severe pain symptoms." *Id.* However, Plaintiff claims Zhang told him he "didn't care and wasn't planning to give [him] alternative pain meds." *Id.* Plaintiff alleges Zhang told him that he was an "inmate who [the] institution shouldn't spend money on" and "in prison inmates were supposed to suffer." *Id.*

On October 6, 2017, Zhang "started [Plaintiff] with pain medication Cymbalta." *Id.* However, due to the "life threatening side effects," Plaintiff was taken off this medication on November 6, 2017. *Id.* On February 5, 2018, Zhang "finally decided to add for the pain Tylenol [with] Codeine." *Id.* at 5. However, Plaintiff had a "positive amphetamine test" on February 7, 2018, which he claims was a result of taking a pill from another inmate which he was not aware contained amphetamines. *Id.* Plaintiff alleges Zhang told him he was removing the Tylenol with Codeine to let Plaintiff "suffer in pain as a punishment for [Plaintiff] taking pills [he] did not know" contained amphetamines. *Id.* Plaintiff also alleges that when he asked for a substitute to replace the Tylenol, Zhang told Plaintiff he would "rather let [Plaintiff] die in pain." *Id.*

On December 5, 2018, Plaintiff "had an operation due to [his] chest wall." *Id.* On December 17, 2018, Dr. Goyal[2] "saw how [Plaintiff] was suffering in pain and she decided to add Morphine." *Id.* at 6. Plaintiff was later seen on December 22, 2018 by Zhang, who asked him if he was "still in pain." *Id.* Plaintiff informed Zhang that his pain was manageable, he was able to sleep, and "able to do [his] life necessities." *Id.* Plaintiff alleges Zhang got "mad and said [Plaintiff] shouldn't be too comfortable" and he was going to take Plaintiff off Tramadol and Morphine. *Id.* Plaintiff further alleges Zhang told him that he tested negative for Morphine, but Plaintiff explained that was impossible because

---

[1] Bussalacchi is not a named Defendant.
[2] Goyal is not a named Defendant.

4

the nurse "crushes the pill" and mixes it with water. *Id.* The nurse will then watch Plaintiff drink the water with the crushed pill. *See id.* Plaintiff claims he later discovered he was never tested for Morphine. *See id.*

On March 21, 2019, Plaintiff, while using his walker, "hit a line of the sidewalk pavement" that caused him to fall and lose consciousness. *Id.* at 7. Plaintiff was taken to the medical clinic by ambulance where he was examined by Defendant Martin. *See id.* Plaintiff alleges Martin was able to observe that Plaintiff "couldn't move [his] neck" and confirmed a "big bump" on the back of Plaintiff's head. *Id.* Plaintiff claims Martin told him he would likely have "long term neck pain due to some serve damage but learn to live with the pain." *Id.* at 7–8. When Plaintiff purportedly told Martin that he felt like his neck was broken, he claims Martin told him "next time break it." *Id.* at 8.

Plaintiff alleges Zhang "agrees" his pain deprives him of sleep and "puts [Plaintiff's] life at risk because [his] heart attacks come from anxiety and stress due to unnecessary infliction of pain." *Id.* While Zhang allegedly acknowledges that Plaintiff will be in "severe pain," he told Plaintiff that he "shouldn't be living comfortable" as a prisoner. *Id.*

Plaintiff was later interviewed by Defendant Schobelock regarding his grievance related to the actions of Zhang and Martin. *See id.* at 13. Plaintiff claims Schobelock failed to recognize that he had a serious medical need and she had the responsibility to intervene so Plaintiff could "see a different doctor" and obtain an "effective course of treatment." *Id.* Plaintiff further claims that Schobelock was aware that Zhang had "discontinued" Plaintiff's pain medication for no medical reason. *Id.* at 14. Plaintiff claims Schobelock told him that she would "rather let [Plaintiff] keep on suffering" than have to prepare "paperwork saying Zhang was wrong." *Id.*

Plaintiff alleges that he wrote a letter in January of 2019 informing Defendant Warden that he used a walker and the "pavement walker road is unsafe due to cracks." *Id.*

///

///

5

at 15.   Plaintiff claims he also "personally told" the Warden.  *Id.*   On March 21, 2019, Plaintiff "fell backwards" and "severely injured [his] head and neck."  *Id.*   Plaintiff was taken to see Martin.  *Id.*

Plaintiff alleges that Defendant Robert, a "medical supervisor," responded to his second level grievance.  *See id.* at 17.  Plaintiff claims Robert reviewed his medical records and allegedly knew Plaintiff had "no effective treatment to a known serious condition."  *Id.*

Plaintiff alleges Defendant Gates responded to his third level grievance.  *See id.*  He also claims Gates reviewed his medical records and had the "power to intervene because he was in imminent danger."   *Id.* at 18.   Plaintiff alleges Gates concluded that no intervention was necessary because "primary care says [Plaintiff] is in an adequate course of treatment."  *Id.*

Plaintiff seeks injunctive relief, $1,000,000 in punitive damages, and $5,000,000 in damages for "pain & suffering, emotional and mental distress."  *Id.* at 26.

### C.   Eighth Amendment Medical Claims

The Eighth Amendment requires that inmates have "ready access to adequate medical care," *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), and "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).   Although a "mere 'difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference,'" *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)), a plaintiff may state a claim for deliberate indifference when, among other things, the plaintiff alleges that a medical decision "was taken not in the exercise of medical judgment, but for non-medical reasons."   *See Hardy v. Three Unknown Agents*, 690 F. Supp. 2d 1074, 1092 (C.D. Cal. 2010) (citing *Jackson*, 90 F.3d at 332); *see also Egberto v. Nevada Dep't of Corrs.*, 678 F. App'x 500, 505 (9th Cir. 2017) (holding qualified immunity unavailable for prison medical personnel where reasonable jury could conclude treatment was denied or delayed for non-medical reasons).

Here, the Court finds that Plaintiff's Eighth Amendment allegations against Defendants Zhang, Martin, and Schobelock are sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  *See Wilhelm*, 680 F.3d at 1123.

However, as to Defendants Robert and Gates, a prison official's allegedly improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for § 1983 liability.  *See generally Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure"); *see also Todd v. Cal. Dep't of Corrs. & Rehab.*, 615 F. App'x 415, 415 (9th Cir. 2015) (holding district court properly dismissed claim based on improper "processing and handling of . . . prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure." (citing *Ramirez*, 334 F.3d at 860)).  Additionally, there is no vicarious liability for civil rights violations, and a § 1983 plaintiff must allege that each defendant was personally involved in or caused the alleged civil rights violation. *See Iqbal*, 556 U.S. at 676–77.

Here, because Plaintiff's allegations allege that Defendants Robert and Gates violated his rights in reviewing, processing, and denying his grievances, he fails to allege that they were personally involved in a violation of Plaintiff's rights or that their conduct caused such a violation.  Plaintiff does not allege that he had any personal contact with Defendants Roberts or Gates, or that they were personally involved in decisions regarding Plaintiff's treatment except by reviewing the information contained in his medical records or written in his grievances.  (*See generally* FAC at 17–18.)  There are no allegations that either Gates or Roberts did anything other than rely on the medical opinions of staff who investigated Plaintiff's "complaints and already signed off on the treatment plan." *Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014) (concluding that a physician's response to a grievance completed in reliance on medical staff did not state an Eighth Amendment claim).

For these reasons, Plaintiff's claims against Defendants Robert and Gates are **DISMISSED** sua sponte for failure to state a plausible claim upon which § 1983 relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

### D.    *Eighth Amendment Conditions of Confinement*

Plaintiff also seeks to hold the Warden liable due to his purported knowledge that there was a problem with the "pavement walker road" where Plaintiff fell and was injured. (FAC at 15.) "The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).

However, not every injury sustained while in prison rises to the level of cruel and unusual punishment. *See Osolinski v. Kane*, 92 F.3d 934, 936–37 (9th Cir. 1996). Instead, a prisoner claiming an Eighth Amendment violation must allege (1) that the deprivation he suffered was "objectively, sufficiently serious" and (2) that prison officials were deliberately indifferent to his health or safety in allowing the deprivation to take place. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted).

As currently pleaded, however, Plaintiff's FAC fails to "contain sufficient factual matter," *Iqbal*, 556 U.S. at 678, to show that the conditions in the prison's yard were so objectively serious as to deprive him of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson v. Seiter*, 501 U.S. 294, 298–300 (1991). Minor safety hazards do not violate the Eighth Amendment. *See Osolinski*, 92 F.3d at 938 (citing *Tunstall v. Rowe*, 478 F. Supp. 87, 89 (N.D. Ill. 1979)) (finding greasy staircase that caused a prisoner to slip and fall did not violate the Eighth Amendment).

Here, the Court finds that Plaintiff has failed to state plausible Eighth Amendment violation as to his prison conditions, and the claims against the Warden must be **DISMISSED** sua sponte pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126–27; *Resnick*, 213 F.3d at 446.

**III.    Conclusion and Order**

For the reasons discussed, the Court:

1.    **DIMISSES** Plaintiff's claims against the CDCR and Does #1–2 as waived.

2.    **DISMISSES** Plaintiff's claims against Defendants Warden, Roberts, and Gates in their entirety without prejudice sua sponte for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and without further leave to amend.

3.    **DIRECTS** the Clerk to issue a summons as to Plaintiff's First Amended Complaint (ECF No. 8) upon Defendants Zhang, Martin, and Schobelock and to forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants.  In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his FAC, and the summons so that he may serve the Defendants.  Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, include an address where these Defendants may be served, *see* S.D. Cal. Civ. L.R. 4.1.c, and return it to the U.S. Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

4.    **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon Defendants Zhang, Martin, and Schobelock as directed by Plaintiff on the USM Form 285 provided to him.  All costs of that service will be advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

5.    **ORDERS** the Defendants Zhang, Martin, and Schobelock, once served, to reply to Plaintiff's FAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the

pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

6. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on the Defendants or their counsel, and the date of that service. *See* S.D. Cal. Civ. L.R. 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED.**

Dated: September 9, 2020

Hon. Janis L. Sammartino
United States District Judge

3:20-cv-736-JLS-WVG