# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VALDEZ,<br><br>                              Plaintiff,<br><br>v.<br><br>DR. ZHANG,<br><br>                            Defendant. | Case No.: 20-CV-736-JLS(WVG)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[Doc. No. 20]** |

Plaintiff, a state prisoner proceeding *pro se*, seeks appointment of an attorney or, in the alternative, an interpreter. Plaintiff's motion is DENIED.

## I.  APPLICABLE LAW

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled en banc on other grounds). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts do have discretion, however, pursuant to 28 U.S.C. section 1915(e)(1), to request that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance

requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court agrees that any *pro se* litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525. However, so long as a *pro se* litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the exceptional circumstances which might require the appointment of counsel do not exist. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realms of discovery and the securing of expert testimony").

## II.   DISCUSSION

Plaintiff's motion states: "[These] Proceedings has been Litigated by the help of another prisoner. Plaintiff dont speak English well. His Primary language is Spanish (Cuban). Plaintiff would Preferred to be Assigned Attorney. But if He cant Get attorney he would then ask to be appointed a Translator." (Doc. No. 20 at 1 (all errors in original).) However, limited English proficiency is "not an exceptional circumstance." *Jongpil Park v. Kitt*, 2021 U.S. Dist. LEXIS 54998, at *5 (E.D. Cal. Mar. 22, 2021); *Reyes v. Ortega*, 2016 U.S. Dist. LEXIS 165542, at *3-4 (S.D. Cal. Nov. 30, 2016); *Garces v. Degadeo*, 2007 U.S. Dist. LEXIS 40582, 2007 WL 1521078, at *1 (E.D. Cal. May 22, 2007). Plaintiff's request for an attorney in this civil case is denied.

Additionally, the Court is unaware of any statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil action. *See Ruiz v. Shearer*, 2021 U.S. Dist. LEXIS 41075, at *4 (E.D. Cal. Mar. 4, 2021); *Loyola v. Potter*, 2009 U.S. Dist. LEXIS 36179, 2009 WL 1033398, at *2 (N.D. Cal. Apr. 16, 2009) ("The court is not authorized to appoint interpreters for litigants in civil cases, and, moreover, has no funds

to pay for such a program."). Accordingly, the Court will also deny plaintiff's request for an interpreter.

Petitioner's request for appointment of counsel and interpreter is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: April 6, 2021

_____
Hon. William V. Gallo
United States Magistrate Judge