UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VALDEZ,<br><br>                              Plaintiff,<br><br>v.<br><br>DR. ZHANG,<br><br>                              Defendant. | Case No.:  20-CV-736-JLS(WVG)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[Doc. No. 40]** |

Plaintiff, a state prisoner proceeding *pro se*, seeks appointment of an attorney or, in the alternative, an interpreter. Plaintiff's motion is DENIED.

### I.  APPLICABLE LAW

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled en banc on other grounds).  Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts do have discretion, however, pursuant to 28 U.S.C. section 1915(e)(1), to request that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance

requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court agrees that any *pro se* litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525. However, so long as a *pro se* litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the exceptional circumstances which might require the appointment of counsel do not exist. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realms of discovery and the securing of expert testimony").

## II.   DISCUSSION

Plaintiff seeks appointment of counsel so that his appointed counsel can review Defendant's documents and determine which should be produced in discovery. However, any appointed counsel would not be able to do what Plaintiff is envisioning. Just as Plaintiff would any documents that Defendant produces, appointed counsel would do the same. Petitioner's request for appointment of counsel is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: October 15, 2021

_____
Hon. William V. Gallo
United States Magistrate Judge