# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VALDEZ,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DR. ZHANG,<br><br>　　　　　　　　　Defendant. | Case No.: 20-CV-736-JLS(WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 45.]** |

Plaintiff, a state prisoner proceeding *pro se*, seeks reconsideration of the Order denying his request for appointment of an attorney or, in the alternative, an investigator. Plaintiff's motion is DENIED.

## I.   APPLICABLE LAW

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled en banc on other grounds). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts do have discretion, however, pursuant to 28 U.S.C. section 1915(e)(1), to request that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th

Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court agrees that any *pro se* litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525. However, so long as a *pro se* litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the exceptional circumstances which might require the appointment of counsel do not exist. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realms of discovery and the securing of expert testimony").

## II.    DISCUSSION

Plaintiff's reconsideration motion is based on the same reasoning as his original motion: he has limited education and limited English language abilities. However, as the Court explained prevouisly, limited English proficiency is "not an exceptional circumstance." *Jongpil Park v. Kitt*, 2021 U.S. Dist. LEXIS 54998, at *5 (E.D. Cal. Mar. 22, 2021); *Reyes v. Ortega*, 2016 U.S. Dist. LEXIS 165542, at *3-4 (S.D. Cal. Nov. 30, 2016); *Garces v. Degadeo*, 2007 U.S. Dist. LEXIS 40582, 2007 WL 1521078, at *1 (E.D. Cal. May 22, 2007).

The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The complaint in

1  this action is sufficiently clear in presenting the issues that Plaintiff wishes to bring. Also,
2  the issues in this case are not particularly complex. It does not appear that appointment of
3  counsel is warranted in this instance.

4       Additionally, with respect to Plaintiff's request for appointment of an investigator,
5  expenditure of public funds on behalf of an indigent litigant is proper only when authorized
6  by Congress. *Tedder v. Odel*, 890 F.2d 210 (9th Cir.1989). Section 1915 does not authorize
7  or require federal courts to finance or subsidize a civil action or appeal by paying expert
8  fees or other costs. *Hadsell v. Internal Revenue Service*, 107 F.3d 750, 752 (9th Cir.1997);
9  *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir.1993). The in forma pauperis statute does not
10 authorize the expenditure of public funds for a court-appointed investigator. *See* 28 U.S.C.
11 § 1915. Plaintiff cites to no legal authority requiring the Court to appoint an investigator,
12 and the Court is aware of none. Accordingly, the Court will also deny plaintiff's request
13 for an investigator.

14      Petitioner's motion for reconsideration is DENIED without prejudice.

15      **IT IS SO ORDERED.**

16 Dated: November 17, 2021

                                              Hon. William V. Gallo
                                              United States Magistrate Judge